**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4444**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THEOHARIS TOUMAZATOS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    James C. Dever III, Chief District Judge.  (5:12-cr-00390-D-1)

Submitted:  October 8, 2013          Decided:  October 21, 2013

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael B. Driver, DRIVER LAW FIRM, PA, Durham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Federal inmate Theoharis Toumazatos pled guilty to possession of a prohibited object, in violation of 18 U.S.C.A. § 1791(a)(2) (West 2006 & Supp. 2013). The district court calculated Toumazatos' Guidelines range under the U.S. Sentencing Guidelines Manual (2012) at zero to six months' imprisonment and sentenced him to three months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing sentence. Toumazatos was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

We review Toumazatos' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts,

2

and sufficiently explained the selected sentence. Id. at 49–51. If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and afforded Toumazatos the opportunity to allocute. The court explained that the within-Guideline sentence of three months' imprisonment was warranted in light of the nature and circumstances of Toumazatos' offense, his history and characteristics, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct. Neither counsel nor Toumazatos offers any grounds to rebut the presumption on appeal that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the

3

district court did not abuse its discretion in sentencing Toumazatos.

Finally, in accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Toumazatos, in writing, of the right to petition the Supreme Court of the United States for further review. If Toumazatos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Toumazatos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>